**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Larry Edward Adger III, Appellant.

Appellate Case No. 2019-001542

———————————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-415
Submitted October 26, 2021 – Filed November 17, 2021

———————————

**AFFIRMED**

———————————

Charles W. Whiten, Jr., of Law Offices of Charles W. Whiten, Jr., P.A., of Anderson, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Assistant Attorney General William Frederick Schumacher, IV, all of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson; all for Respondent.

———————————

**PER CURIAM:** Larry E. Adger III appeals his conviction for several drug offenses. His sole argument on appeal is that the trial court's *Allen*[1] charge was so coercive that it deprived him of due process. Because we conclude the *Allen* charge was not unduly coercive and tracked the language approved by our precedent, we affirm.

Our review of the contested charge reveals it was even handed, fair, and did not exert improper pressure on the jury. *See State v. Taylor*, 427 S.C. 208, 214, 829 S.E.2d 723, 727 (Ct. App. 2019) ("A trial judge has a duty to urge jurors to reach a verdict, but must do so in a way that does not coerce them, eroding their independence and impartiality."). In detecting coercion, we consider four factors:

> (1) whether the charge speaks "specifically to minority jurors"; (2) whether the charge includes "you must return a verdict" type language; (3) whether there was an "inquiry into the jury's numerical division," which is generally coercive; and (4) whether the time between when the charge was given and when the jury returned a verdict demonstrates coercion.

*Id*. at 214–15, 829 S.E.2d at 727 (quoting *Tucker v. Catoe*, 346 S.C. 483, 492–95, 552 S.E.2d 712, 717–18 (2001) (per curiam)).

After applying the factors to the charge, we are confident it was not coercive. Neither the trial judge nor the parties knew how the jury was split, and the part of the instruction asking both the "minority" and "majority" to reevaluate their positions did not target the numerical minority, if there was one ("minority" in this context, does not, as Adger suggests, refer to racial or ethnic minorities). The charge did not lecture or exhort the jury that they "must" return a verdict. Although the jury returned a guilty verdict less than one hour later, that amount of time is not revealing under the specific circumstances here. Finally, the trial court's explanation of the possibility and consequences of a mistrial was not as heavy handed as that in *Taylor*. We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).